Gao v. Garland

BIA
Conroy, IJ
A206 069 883

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of October, two thousand twenty-one.

PRESENT:
JON O. NEWMAN,
GERARD E. LYNCH,
DENNY CHIN,
*Circuit Judges.*

_____

RUI LAN GAO,
*Petitioner*,

v.                                          20-560
                                            NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Joshua Bardavid, Esq., New York, NY.

FOR RESPONDENT:          Jeffrey Bossert Clark, Acting Assistant Attorney General; Song Park, Acting Assistant Director; Sarah L. Martin, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rui Lan Gao, a native and citizen of the People's Republic of China, seeks review of a January 15, 2020, decision of the BIA affirming a May 8, 2018, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rui Lan Gao*, No. A206 069 883 (B.I.A. Jan. 15, 2020), *aff'g* No. A206 069 883 (Immig. Ct. N.Y. City May 8, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We review the IJ's decision as modified by the BIA, i.e., minus the timeliness finding that the BIA did not reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). The agency did not err in concluding that Gao failed to satisfy her burden of proving

a well-founded fear of future persecution in China on account of her practice of Christianity.

Absent past persecution, an alien may establish asylum eligibility by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To do so, an applicant must show either a reasonable possibility that she will be "singled out individually for persecution" or that the country of removal has a "pattern or practice" of persecuting similarly situated individuals. 8 C.F.R. § 1208.13(b)(2)(iii). Where an applicant's claim is based on activities in the United States, the applicant "must make some showing that authorities in h[er] country of nationality are either aware of h[er] activities" or that there is "a reasonable possibility" of them "becom[ing] aware of h[er] activities." *Hongsheng Leng*, 528 F.3d at 143 (internal quotation marks omitted).

The agency reasonably concluded that Gao failed to establish that Chinese officials are aware of, or reasonably may become aware of, her religious practice and persecute her as a result. *See id.* Her testimony regarding what actions she would take to proselytize in China was limited, and her

3

evidence showed that tens of millions of Christians practice their religion in China. Further, given that restrictions on religion vary by region in China, the BIA reasonably noted that Gao did not provide evidence of any incidents of persecution against Christian practitioners in her home province of Fujian. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 142, 149, 169 (2d Cir. 2008) (finding no error in the agency's requirement that an applicant demonstrate a well-founded fear of persecution specific to his or her local area when persecutory acts vary according to locality); *cf.* 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country of nationality . . . ."). The agency also reasonably concluded that Gao failed to establish a pattern or practice of persecution of similarly situated individuals given that millions of Christians in China practice their religion without government interference. *In re A–M–*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (recognizing that a pattern or practice of persecution is the "systemic or pervasive" persecution of a group); *see also* 8 C.F.R. § 1208.13(b)(2)(iii).

Gao's failure to establish a well-founded fear of

4

persecution was dispositive of asylum, withholding of removal, and CAT relief.* *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

* Contrary to the Government's contention, Gao's arguments challenge the denial of all forms of relief because the agency denied withholding of removal and CAT protection because Gao failed to satisfy her burden for asylum.

5